Caruthers, J,,
delivered the opinion of the Court.
1st. We think His Honor, the Chancellor, erred in holding, that the defendant, P. S. Heiskell, was not enti tied to his tenancy, by the courtesy, in the equitable estate of inheritance of his deseased wife, Eliza. By a decree of the Chancery Court, the land was vested in Joseph B. Heiskell and his heirs, to be held in trust for the sole and separate use and benefit of Eliza Heiskell, her heirs, executors and assigns. And he was to receive for her use, and the use of her heirs, &c., all the rents and profits of said land, and to pay the same to her and her *643 heirs. She was empowered to declare the uses and trusts for which said trustee should hold said land, by deed or Will. But she died without exercising this power. In this state of the case, she having had children born who were capable of inheriting her equitable estate, by her said husband, we think the authorities are clear, that her surviving husband become tenant by the courtesy, of said estate: Claney, 193-4; 4 Kent, 43, and authority cited in note a. This has always been the law in England, and this country, although the wife was not entitled to dower in the equitable estates of her husband, until the law was changed in our State, by Act of the Legislature, in 1823. This change of the law in favor of the wife, has been made in most of the States, and very properly establishes an equality of rights.. The right of the husband to his courtesy can only be excluded in such cases, by some provision in the deed, Will, or decree, creating her equitable estate, showing that such was the intention. There is nothing in this case to produce that effect, according to the authorities cited.
2nd. As to the other question relating to the right of the children of Eliza and E. S. Heiskell, born after the death of Hugh B. Heiskell, son of the said F. S. Heis-kell, they being the half brothers and sisters of the said Hugh B., to inherit equally with the six whole brothers and sisters, the real estate of the said Hugh B., who died without wife or children in 1849, there can be no doubt of the correctness of the Chancellor's decree in their favor. It seems to be admitted that this is the law, unless it is changed by the Act of 1842, ch. 169, sec. 2, Nich. Sup., 147. That was only intended to exclude a child of a widow, born after.ten months subsequent to the death of *644 her husband, from any claim to the husband’s estate, upon the ground that such child could not be his, according to the laws of nature.
Let the decree here be in conformity to this opinion, and the cause remanded for further proceedings.